## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 25-cv-21165-BLOOM/Elfenbein

ECHO DEVELOPMENT,

      Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A,"

      Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM TEMPORARILY

**THIS CAUSE** is before the Court upon Plaintiff's *Ex Parte* Motion for Leave to Proceed Under a Pseudonym Temporarily, ECF No. [5]. The Court has considered the Motion, the record in the case, and is otherwise fully advised. Plaintiff's Motion is granted for the reasons discussed below:

In its Complaint, Plaintiff alleges federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, and 1125(a), federal copyright infringement and piracy pursuant to 17 U.S.C. § 501, and willful patent infringement under 35 U.S.C. § 271. ECF No. [1]. Plaintiff's Motion notes that websites such as www.sellerdefense.cn closely monitor counterfeiting and intellectual property infringement lawsuits such as this one in order to warn infringers to quickly drain their marketplace accounts, clean out their money transfer accounts, change their usernames, and hide their identities to avoid being caught. Plaintiff states that it has been previously targeted by such websites with a prior cases, and Plaintiff's counsel has cases that are

among those flagged by counterfeiters and infringers. Plaintiff's Motion provides examples of the coordinated efforts between counterfeiters and infringers to evade detection and avoid prosecution for their illicit conduct.

Plaintiff therefore argues that it should be permitted to proceed under a pseudonym in this lawsuit until Defendants' Internet stores and financial accounts are restrained pursuant to the above referenced pleadings and motion. Plaintiff maintains that, based on counsel's experience in cases with similar facts, Defendants who knew of other plaintiffs' true identities evaded prosecution by blocking access to their websites in the United States, closing their online stores and opening new stores under different identities, and transferring assets into different financial accounts.

Federal Rule of Civil Procedure 10(a) provides that "[e]very pleading" must "name all the parties[.]" *See also In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) ("'Generally, parties to a lawsuit must identify themselves' in the pleadings." (quoting *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)). Rule 10(a) "does not merely further administrative convenience—'[i]t protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *Id*. (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011)). But this rule is not absolute; a party may proceed under a pseudonym "only in 'exceptional case[s].'" *Id*. (alteration in original) (quoting *Frank*, 951 F.2d at 323).

The Eleventh Circuit has established a totality-of-the-circumstances test to determine whether a plaintiff may proceed anonymously. *Id*. at 1247 n.5. The plaintiff must establish "a substantial privacy right [that] outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id*. at 1247 (quoting *Plaintiff B*, 631 F.3d at 1315-16). The court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's

privacy concerns." *Id*. (quoting *Plaintiff B*, 631 F.3d at 1316). The first step is three prongs: whether the plaintiff "(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Id*. (citing *Plaintiff B*, 631 F.3d at 1316). Two other factors to consider include whether the plaintiff "faces a real threat of physical harm absent anonymity" and whether the plaintiff's "requested anonymity poses a unique threat of fundamental unfairness to the defendant." *Id*. (citations omitted). In deciding whether to permit a party to proceed by an anonymous name, circuit courts apply a balancing test, weighing "the possible prejudice to the opposing party from concealment" against "the harm to the plaintiff" from disclosure of his or her identity. *Id*.

Here, regarding the first step, none of the three prongs apply. This suit does not involve government activity or Plaintiff's illegal conduct. Nor can it be said that Plaintiff's disclosure of its real name in this intellectual property suit constitutes "information of utmost intimacy," which generally involves issues of birth control, abortion, homosexuality, welfare rights of illegitimate children or abandoned families, personal religious beliefs, and some cases of explicit sexual conduct. *See Plaintiff B*, 631 F.3d at 1316, 1317; *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979). It is also undisputed that Plaintiff faces no threat of physical harm absent anonymity.

The last express factor is whether anonymity results in a "unique threat of fundamental unfairness" to Defendants. *See In re: Chiquita Brands Int'l, Inc*., 965 F.3d at 1247. For example, "the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm." *S. Methodist Univ. Ass'n*, 599 F.2d at 713. In this case, the Court finds that there is no threat of fundamental unfairness to Defendants

in allowing Plaintiff to temporarily proceed under a pseudonym. To the contrary, it is Plaintiff who will potentially suffer economic harm and damage by allowing Defendants—whose personal identities are essentially unknown—to become aware of Plaintiff's identity early enough to allow them to destroy online evidence or evade prosecution.

Allowing Plaintiff to proceed anonymously will not harm the public interest and the Defendants will not be prejudiced if the Court allows Plaintiff to proceed anonymously. Plaintiff has also shown that, unless the Complaint, Schedule A and *Ex Parte* Motion for Temporary restraining order are sealed, Defendants will be able to discern which trademarks, copyrights, and patent are at issue in this action and learn of these proceedings prematurely, the likely result of which would frustrate the purpose of the underlying law and interfere with the Court's power to grant relief.

Here, Plaintiff has shown that the exceptional circumstances of this case warrant granting his leave to file under a pseudonym. Although the Court appreciates the paramount importance of publicly conducting judicial proceedings, the Court finds that Plaintiff's privacy rights at this early stage of the litigation outweighs the need for Defendants and the public to be aware of Plaintiff's identity. The Court also places significant weight on the fact that Plaintiff seeks to proceed under a pseudonym only temporarily. Plaintiff assures the Court that it will proceed under its real name once Defendants are served and their accounts restrained. Additionally, because it is clear that foreign entities may be monitoring the filings in this specific case in an effort to aid counterfeiters and infringers in evading prosecution, the Court finds that—in this unique situation—Plaintiff should be allowed to file certain documents under seal and temporarily proceed under a pseudonym in the public filings.

Case No. 25-cv-21165-BLOOM/Elfenbein

Accordingly, it is **ORDERED and ADJUDGED** that Plaintiff's Motion to Temporarily Proceed Under a Pseudonym, ECF No. [5]. is **GRANTED**. Plaintiff shall reveal its actual name once Defendants have been served with the Temporary Restraining Order, if granted, and the third-party payment processors and online marketplaces have confirmed the restraint of Defendants' assets and suspension of their online stores.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 17, 2025.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

5